# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

ADVANCED PROPERTY
RESTORATION SERVICES, LLC

NO. 2025 CW 0088
PAGE 1 OF 2

·VERSUS

CONTINENTAL CASUALTY
COMPANY, SCOTTSDALE
INSURANCE COMPANY, GNO
PROPERTY MANAGEMENT, LLC AND
ROBERT KIRK PHILLIPS

**OCTOBER 27, 2025**

---

In Re:    The Burlington Insurance Company, applying for supervisory writs, 19th Judicial District Court, Parish of East Baton Rouge, No. 725334.

---

**BEFORE:    PENZATO, STROMBERG, AND FIELDS, JJ.**

**WRIT GRANTED.** The trial court's October 28, 2024 judgment, which denied the motion for summary judgment filed by defendant, The Burlington Insurance Company ("Burlington"), is reversed. An insurance policy should not be given an interpretation which would enlarge or restrict its provisions beyond what is reasonably contemplated by its terms or which would lead to an absurd conclusion. **Coates v. Northlake Oil Company, Inc.,** 499 So.2d 252 (La. App. 1st Cir. 1986), writ denied, 503 So.2d 476 (La. 1987). The Burlington commercial general liability policy issued to its insured, Metairie Towers Condominium Association ("MTCA"), provides coverage for those sums the insured becomes legally obligated to pay as damages because of property damage to which this insurance applies. The policy defines "property damage" as "[p]hysical injury to tangible property, including all resulting loss of use of that property" or "[l]oss of use of tangible property that is not physically injured." Plaintiff, Advanced Property Restoration Services, LLC ("APRS"), contracted with MTCA to provide remediation services to Metairie Towers Condominiums after Hurricane Ida. GNO Property Management, LLC ("GNO") managed the receipt of funds from the property insurer and operated under the direction of MTCA to fulfill MTCA's obligation to pay APRS. APRS received two payments via wire transfer from GNO. However, prior to the third payment, an unknown third party hacked into APRS' email server and sent an email to GNO with wire instructions that resulted in the final payment being sent to the hacker. APRS has asserted claims against Burlington's insured, MTCA, in contract and negligence, and alleged the negligence claims are covered by Burlington's policy.

The factual allegations and claimed damages in the underlying litigation clearly and unambiguously relate to economic losses caused by the hacking incident in which the unknown third party hacked into APRS' email server, provided fraudulent wire transfer instructions, and obtained funds that were intended for APRS. Applying Louisiana law to the same definition of "property damage", courts have found purely economic losses do not qualify as "property damage" to trigger policy coverage. See **CMP Coatings,**

**Inc. v. Tokyo Marine & Nichido Fire Insurance Company, LTD**, No. 10-4277, 2012 WL 3901625, *2 (E.D. La. 9/6/12). In doing so, the court relied on **Lamar Advertising Co. v. Continental Casualty Company**, 396 F.3d 654 (5th Cir. 2005), which held that economic loss arising from an alleged breach of contract or lack of payment under a contract is not covered as "property damage." Contractual rights are intangible in nature and thus any resulting economic loss arising from the interference with such rights would not be covered under the "property damage" coverage of the policy; the money damages would arise from loss of use of intangible property, and are, therefore not covered. **CMP Coatings, Inc.**, 2012 WL 3901625 at *3. While APRS may have possessed, at the time, a right to the funds pursuant to its contract, the funds at issue were never in the possession of APRS, and accordingly, did not constitute its tangible property. APRS failed to establish it sustained "property damage" as defined in the policy.

Moreover, the Burlington policy at issue contained a "Confidential, Personal, or Any Other Information or Data and Computer System or Network Liability" exclusion ("Network Liability Exclusion"), which excludes any damage caused by or arising, directly or indirectly, in whole or in part out of "[a]ny… misappropriation, transmission, unauthorized use or access, misuse… diversion… corruption or impairment of… any other person's or organization's … [c]omputer system, including, but not limited to, computers, computer hardware, software, operating systems, [or] servers…; or [c]omputer network…." This exclusion further bars coverage herein.

Accordingly, the motion for summary judgment is granted, and the claims of plaintiff, Advanced Property Restoration Services, LLC, against defendant, The Burlington Insurance Company, are dismissed with prejudice.

**AHP**
**TPS**
**WEF**

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT